[Civ. No. 4956. Second Appellate District, Division Two.—December 9, 1924.]

ANAHEIM CO-OPERATIVE ORANGE ASSOCIATION et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION and STEPHEN A. RIMPAU, Respondents

[1] WORKMEN'S COMPENSATION ACT—INABILITY TO DETERMINE PERMANENT DISABILITY — STATUTE OF LIMITATIONS — CERTIORARI. — Where the right of an injured employee to compensation is recognized and he receives full compensation until he returns to work, at which time his benefits cease, but it is not possible to determine the extent of permanent disability, if any, until maximum improvement has been gained, and when that time arrives (something over a year later but within 245 weeks from the date of the injury) he makes claim for permanent disability allowance under the Workmen's Compensation Act, which is granted by the Industrial Accident Commission over the objection of the insurance carrier that the claim is barred by the statute of limitations, a petition for a writ of *certiorari* to have the award of the Commission annulled on the ground that the claim was barred by the statute of limitations, will be denied.

(1) Workmen's Compensation Acts, C. J., p. 106, n. 43.

PROCEEDING in Certiorari to review an award of the Industrial Accident Commission. Petition denied.

Stephen A. Rimpau was injured in the course of his work for petitioner Anaheim Co-Operative Orange Association on April 4, 1922. Petitioner Ocean Accident and Guarantee Corporation, the insurance carrier, recognized that Rimpau was entitled to benefits under the Workmen's Compensation Act for his injury and paid him full compensation, including medical treatment, until he went back to

work on October 7, 1922. Thereupon his benefits ceased. At the time he returned to work it was necessary to postpone any determination of the extent of permanent disability, if any, until the time should arrive when maximum improvement had been gained and the final results could be measured. When that time arrived, something over a year later, Rimpau made his claim for permanent disability allowance under the Workmen's Compensation Act, and the insurance carrier promptly pleaded the statute of limitations. The Commission held that the insurance company could not stand upon the statute of limitations, because of the provision of section 11 (c) of the Workmen's Compensation Act that the period of limitation should be extended to 245 weeks from the date of the injury where the original injury causes new and further disability, and that the change in the condition from a temporary to a permanent disability was such a new and further disability within the language of this provision, and made an award based on percentage of permanent disability. Petitioners thereupon made application to the district court of appeal for a writ of review.

George H. Moore for Petitioners.

Warren H. Pillsbury for Respondents.

THE COURT.—[1] The question presented by this petition for a writ of *certiorari* against the Industrial Accident Commission is the same as that which was presented to the supreme court in *Imperial Ice & Development Co.* v. *Industrial Acc. Com.*, L. A. No. 8334. There the court (by a minute order) denied the petition. Upon the authority of that case the petition for the writ in the instant case is denied.

An application of petitioner to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 5, 1925.